IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATE OF AMERICA,

vs. 1:09-CR-37-SPM/AK

SAMIM ANGHAIE, et al.,

    Defendants.

_____/

### ORDER

THIS CAUSE comes before the Court on Defendants' Joint Motion for Judgment of Acquittal (docs. 111, 112) and the Government's Response in Opposition (doc. 113). Notably, Defendants argue that they are entitled to Judgment of Acquittal on Counts 23-33, 35, 42, 44, 45, 52-58, and 60 of the Superseding Indictment, as the prosecution thereof is foreclosed by the statute of limitations for the wire fraud and money laundering offenses.

18 U.S.C. § 3282(a) provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." This general federal statute of limitations applies to both wire fraud and money laundering offenses. See United States v. Evans, 473 F.3d 1115 (11th Cir. 2006); United States v. Torres, 318 F.3d 1058 (11th Cir. 2003). The purpose of statutes of limitations is to protect individuals from the unfairness of prosecution after significant periods of time have elapsed since the alleged commission of offenses, as probative evidence may have become lost or destroyed and memories may have faded. Additionally, "[s]uch a time limit may also have the salutary effect of encouraging law

enforcement officials promptly to investigate suspected criminal activity." Toussie v. United States, 397 U.S. 112, 115 (1970). Accordingly, "criminal limitations statutes are to be liberally interpreted in favor of repose[.]" Id. (internal citations omitted).

In this case, Defendants raised the statute of limitations issue at the close of the Government's case in chief at trial. The Court determines that Defendants did not waive the statute of limitations issue by raising it during, but not prior to, trial. "[T]he statute of limitations is a matter of defense that must be asserted at trial by the defendant." United States v. Najjar, 283 F.3d 1306, 1308 (11th Cir. 2002). Although the dates of the wire transmissions and financial transactions which formed the bases of the substantive wire fraud and money laundering offenses were provided in both the initial indictment, dated October 29, 2009, and superseding indictment, dated December 20, 2010, and therefore the Defendants could have raised the issue prior to trial, the Court accepts the Defendants' explanation that they needed to consider the evidence presented by the Government at trial on the relevant counts prior to making the statute of limitations objection. Indeed, part of the Government's oral response at trial to the Defendants' statute of limitations argument was that the facts of the case, particularly the continued diverting of funds in subsequent financial transactions, makes the calculation of the limitations period according to the date of each transmission and transaction improper in this case. However, as each wire transmission or financial transaction constitutes a separate offense, the limitations

period began to run from the date of each transmission or transaction. See United States v. Tadros, 310 F.3d 999, 1006 (7th Cir. 2002) ("For purposes of mail fraud and wire fraud, the five-year statute of limitations begins to run from the date of mailing of the fraudulent information."); United States v. De La Mata, 266 F.3d 1275, 1287 (11th Cir. 2001) (holding that statute of limitations for bank fraud begins to run from the date of each execution of scheme to defraud, as "a defendant may be charged in separate counts for each 'execution' of the scheme to defraud."); see also United States v. Gilbert, 136 F.3d 1451, 1453 (11th Cir. 1998) ("Offenses should not be considered continuing unless 'the explicit language of the . . . statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing [offense].'") (quoting Toussie, 397 U.S. at 114-15).

Moreover, there has been no sandbagging, as the Government has suffered no prejudice by the Defendants raising the statute of limitations issue in a Motion for Judgment of Acquittal at trial, as opposed to prior to trial. Here, regardless of whether the argument was first presented before or during trial, as to each of the offenses for which the limitations period had lapsed, there is nothing that the Government could have done, had it been on notice of the issue, to correct the defect and proceed with the prosecution on the pertinent counts. Therefore, given the liberal treatment which should be afforded to statutes of limitations, the Court finds that the Defendants did not waive the issue by not

raising it prior to trial.

The Government contends that the limitations period has been tolled by the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287. Prior to October 14, 2008, the WSLA provided that:

> When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancellation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress.

18 U.S.C. § 3287 (2000). On October 14, 2008, the Act was amended to expand its operation to times "[w]hen the United States is at war or Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b))[.]" 18 U.S.C.A. § 3287 (West 2010). The amendment lengthened the suspension period to "5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress." Id.

Upon careful consideration of this issue, the Court is in agreement with and adopts

the reasoning of District Judge Sammartino in United States v. Western Titanium, Inc., 2010 WL 2650224 (S.D. Cal. 2010), which concluded that the United States was not "at war" prior to the amendment of the WSLA, as there had been no Congressional declaration of war. See also United States v. Shelton, 816 F.Supp. 1132 (W.D. Tex. 1993). Therefore, as to the counts for which the limitations period had expired prior to the effective date of the WSLA amendment, there is no suspension of the limitations period pursuant to the WSLA. However, as to the counts for which the limitations period would have lapsed after the WSLA amendment, the limitations period has been suspended pursuant to the WSLA, as there has been an authorization of military force, though no formal declaration of war.

Lastly, as to the other grounds relied on by the Defendants in support of their Motion for Judgment of Acquittal, specifically, that the indictment failed to state a claim for the money laundering offenses and that there has been insufficient evidence of concealment and specific intent to defraud or mislead, the Court determines that the indictment sufficiently sets forth the claims and that the evidence is not insufficient to sustain a conviction. Therefore, the Motion for Judgment of Acquittal must be denied on these bases.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. Judgment of Acquittal is entered as to Counts 23, 24, 25, 26, 27, 28, 29, 30,

31, 42, 52, 53, 54, 55, and 56.

2. Defendants' Joint Motion for Judgment of Acquittal is otherwise denied.

**DONE AND ORDERED** this <u>twenty-first</u> day of February, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge
