IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 1:09cr37-SPM

SAMIM ANGHAIE, et al.,

      Defendants.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court on the Government's Motion for Reconsideration (doc. 155) of the Court's Forfeiture Order (doc. 151). For the following reasons, the Government's Motion (doc. 155) will be DENIED.

1. While the Court is in agreement with the Government that the burden of proof in this forfeiture proceeding is preponderance of the evidence, and the Court correctly applied that burden in consideration of the Preliminary Order of Forfeiture (doc. 151), the Court acknowledges for the record the Government's evident confusion regarding the appropriate legal standard that is to be applied in the forfeiture proceeding in this case. Pursuant to 18 U.S.C. § 981(a)(1)(C), the applicable standard for property subject to forfeiture in this case is "[a]ny property, real or personal, which constitutes

or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Wire fraud constitutes specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(A) by reference to 18 U.S.C. § 1961(1).

2. Contrary to the Government's contention, the appropriate legal standard for forfeiture in this case is not property used to facilitate the offense. Facilitation is neither the appropriate forfeiture standard for wire fraud offenses, which is accurately provided above, nor for money laundering offenses, of which the Defendants were not found guilty, which, for the record, is "any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). The annotations and comments of the 2010 pattern forfeiture jury instruction of the United States Court of Appeals for the Eleventh Circuit make clear that "[e]xtreme care must be taken . . . in adapting and tailoring elements of proof . . . to the standards stated in the specific subsection[s]" of the United States Code. Forfeiture is not a generalized and amorphous concept; rather, Congress has created distinct and clearly-defined forfeiture standards for various separate offenses which are to be discerned by reference to the appropriate and applicable section of the United States Code. Simply put, "facilitation" is not at issue in the

forfeiture proceeding in this case.

3. The Government is incorrect in the assertion that acquitted *counts* can form the basis of a forfeiture action. Rather, <u>United States v. Hasson</u>, 333 F.3d 1264, stands only for the proposition that an acquittal does not preclude a fact finder from relying on evidence introduced by the Government in support of the acquitted count in a forfeiture proceeding pursuant to counts of conviction, such that, in this case, the Court may consider the Government's purported evidence of money laundering, which amounted to flow charts and bank statements showing that Defendants deposited checks from the Government as payment for contract work into company and personal bank accounts and also made deposits from those bank accounts into other bank accounts, including the accounts of their sons, in determining whether there is property which constitutes or is derived from proceeds traceable to the wire fraud offenses of conviction. The evidence described above reveals nothing, or at best, very little, about whether the money deposited in an account and transferred among accounts constitutes wire fraud proceeds, and the Court afforded appropriate weight to such evidence in consideration of the forfeiture proceeding in this case.

4. A court cannot impose a forfeiture order based on an acquitted *count.* <u>See United States v. Hasson</u>, 333 F.3d 1264, 1279 n.19 (11th Cir. 2003) ("We

do not mean to imply that a court could impose a forfeiture based on a money laundering offense which the defendant was not charged or for which he was acquitted."); 18 U.S.C. § 982(a)(1) (requiring forfeiture of property involved in or traceable to a *convicted* offense). The Government's reliance on Dowling v. United States, 493 U.S. 342 (1990), is misplaced. In Dowling, 493 U.S. at 349, the Supreme Court discussed that the Double Jeopardy Clause of the United States Constitution does not prohibit a subsequent civil forfeiture proceeding of property allegedly involved in an offense of which a defendant has been acquitted. "[A]n acquittal in a *criminal* case does not preclude the Government from relitigating an issue when it is presented in a *subsequent action* governed by a lower standard of proof." Dowling, 493 U.S. at 349 (emphasis added). However, at issue in this case is a *criminal*, rather than a civil, forfeiture proceeding, and this proceeding represents a continuation of the criminal case, rather than a separate and subsequent civil proceeding. See 28 U.S.C. § 2461(c) ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case . . . ."); Hasson, 333 F.3d at 1277 ("[C]riminal forfeiture is part of sentencing where the preponderance standard governs."); Libretti v. United States, 516 U.S. 29, 39 (1995) ("Forfeiture is an element of the sentence imposed following

conviction . . . . Our precedents have . . . characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense.")

5. The legal standard applicable to the forfeiture proceeding in this case is the standard for wire fraud offenses articulated above. The Court notes for the record that the evidence presented at trial, incorporated by reference at the forfeiture hearing, was properly considered in its decision. The Court ordered forfeiture of the aggregate dollar amount determined by a preponderance of the evidence to constitute or be derived from proceeds traceable to the offenses of conviction.

Accordingly, it is ORDERED AND ADJUDGED that the Government's Motion for Reconsideration (doc. 155) is DENIED.

DONE AND ORDERED this <u>seventh</u> day of July, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge