IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:09cr37-SPM

SAMIM ANGHAIE,

   Defendant.

_____/

**ORDER GRANTING BOND PENDING APPEAL**

This cause comes before the Court on Defendant Samim Anghaie's Motion for Bond Pending Appeal (doc. 181) and the Government's response in opposition (doc. 183). For the following reasons, the motion will be granted.

The standard for release of a convicted defendant pending appeal is set forth in Title 18, United States Code, Section 3143(b). Under the standard, detention pending appeal is required unless the court finds:

>   (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
>   (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>       (i)   reversal,
>       (ii)  an order for a new trial,
>       (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

  Defendant meets subsection A of this standard.  He is not a flight risk and he does not pose a danger to any other person or the community.  The Government has not made an argument with regard to flight or danger.

  Defendant also meets subsection B of this standard.  A "substantial question" under subsection B is "a 'close' question or one that could very well be decided the other way."  United States. v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).  It must be "one of more substance than would be necessary to a finding that it was not frivolous."  Id.

  Defendant presents substantial questions to be decided on appeal, the outcome of which may result in reversal or in a new trial.  The questions include the application of the Wartime Suspension Limitations Act, which the Court applied to Counts 32, 33, 35, 44, and 45[1], to suspend the five year limitations period as of October 14, 2008, when the Act was amended to apply not just when the United States is "at war" but also when Congress has enacted specific authorization for the use of force.  See Order (doc. 114) (adopting reasoning of United States v. W. Titanium, Inc., 2010 WL 2650224 (S.D. Cal. 2010)).  The

---

[1] Of these counts, Samim Anghaie was convicted on Counts 35 and 44. The jury acquitted him on the other counts.

CASE NO.: 1:09cr37-SPM

statute of limitations would have expired on these counts but for the Court's application of the Act.

There are also substantial questions regarding the sufficiency of the evidence and the disposition of the juror misconduct claim.  These issues present close questions that could be decided the other way, despite the Court's rulings in favor of the Government on these matters.  Defendant's appeal is not for the purpose of delay.  Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion for Bond Pending Appeal (doc. 181) is granted.

2. Defendant shall remain on bond pending appeal under the same conditions previously imposed.

DONE AND ORDERED this 29th day of December, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:09cr37-SPM